IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN THOMAS KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:22-cv-02505-SHM-tmp |
| | ) | |
| | ) | |
| MEMPHIS FIRE DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DIRECTING THE CLERK TO MODIFY THE DOCKET;
DISMISSING THE COMPLAINT (ECF NO. 1) WITH PREJUDICE;
AND DENYING LEAVE TO AMEND**

On August 8, 2022, Plaintiff John Thomas King filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) When King filed the complaint, he was confined at the Shelby County Jail (the "SCJ"), in Memphis, Tennessee. (ECF No. 1 at PageID 2.) On August 9, 2022, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 4.)

The complaint alleges that King was "stabbed in the leg" at an apartment complex on January 6, 2022 (the "Incident"). (ECF No. 1 at PageID 2.) After the Incident, King "was taken to the Mt. Moriah [police] precinct for question[ing] … [i]nstead of the hospital." (*Id*.) When King was handcuffed to a chair at the police precinct, "they noticed I was bleeding and they called a[n] E.M.S. The techs only gave me some gauze and told me to hold it on my wound." (*Id*.) The police questioned King about the Incident "for a couple hours without medical attention." (*Id*. at PageID 3.) At the conclusion of the questioning, police arrested King and took him to Regional

Hospital, where he received stitches and was admitted for overnight medical observation. (*Id*.) After being discharged from Regional Hospital, King was confined in a medical ward at the SCJ. (*Id*.)

The complaint is construed to allege a claim of deprivation of medical care. (*Id*. at PageID 2-3.)

The Memphis Fire Department (the "MFD") is the sole named Defendant. (*Id*. at PageID 1-2.)

King seeks "compensation" for "damaged nerves in my leg and constant pain from not being treated correctly." (*Id*. at PageID 4.)

The Clerk is directed to modify the docket to add the City of Memphis, Tennessee (the "City") as a Defendant. (*See id*. at PageID 1-2.)

The complaint (ECF No. 1) is before the Court.

For the reasons explained below: (1) the complaint (ECF No. 1) is DISMISSED WITH PREJUDICE for failure to state a claim to relief; and (2) leave to amend is DENIED.

I.   **LEGAL STANDARD**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts

the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Rule 8 also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II.     REQUIREMENTS TO STATE A CLAIM UNDER § 1983

King sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## III.    ANALYSIS

**Claim Against The MFD; Claim Against The City**

It is well-established in the Sixth Circuit that municipal departments, such as police departments and sheriff departments, are not proper defendants in a § 1983 action. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("[T]he Police Department is not an entity which may be sued"). Entities such as police departments can properly be characterized as "sub-units of the municipalities they serve." *Sargent v. City of Toledo Police Dep't*, 150 F. App'x 470, 475 (6th Cir. 2005); *accord Duck v. Madison Cnty. Sheriff's Dep't*, No. 17-1043, 2018 WL 2966950, at *3 (W.D. Tenn. June 13, 2018) (citing cases); *Boyd v. City of Millington,* No. 15-2642, 2015 WL 13080882, at *1 (W.D. Tenn. Dec. 9, 2015); *Mathes v. Metro Gov't of Nashville & Davidson Cnty.*, 2010 WL 3341889, at *2 (M.D. Tenn., Aug. 25, 2010). The Sixth Circuit has held "that '[s]ince [a] [p]olice [d]epartment is not an entity which may be sued, [the] [c]ounty is the proper party to address the allegations of [the plaintiff's] complaint.'" *Kindle v. City of Jeffersontown, Ky.*, 374 F. App'x 562, 570 (6th Cir. 2010). The Court construes King's claims against the MFD as a claim against the City of Memphis. *See Hargrow v. Shelby Cnty., Tenn.*, No. 13-2770, 2014 WL 3891811, at *1 n.1 (W.D. Tenn. Aug. 7, 2014).

The City may be held liable only if King's injuries were sustained pursuant to an unconstitutional custom or policy of the City. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691–92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to

action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479–80 (1986)).

King does not allege that he has been deprived of a constitutional right because of a City policy or custom affecting his medical care after the Incident. The allegations of the complaint fail to identify any official policy or custom of the City, much less a policy or custom that caused King to suffer deprivation of his constitutional rights.

King's claims against the MFD and the City are DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law because: (1) the MFD is not a legal entity that can be sued under § 1983; and (2) there are no facts alleged in the complaint from which to plausibly infer that the City had an official policy or custom about King's post-Incident medical care. *See Weaver v. Henderson Cnty.*, No. 16-1134, 2017 WL 90386, at *2 n. 1 (W.D. Tenn. Jan. 10, 2017) (a plaintiff must identify an "official custom or policy" that caused his injuries).

## IV.  AMENDMENT UNDER THE PLRA

The Court DENIES leave to amend under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1). The Sixth Circuit has held that a District Court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). In cases where it would not be possible for a plaintiff to amend his complaint to state a claim for relief, leave to amend should not be granted. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001).

King would not have actionable claims even if he were to amend. The MFD is not a "person" subject to suit under § 1983, and nothing in the complaint affords a plausible inference of municipal liability. King should not be given the opportunity to amend the complaint.

## V.   CONCLUSION

For the reasons explained above:

A.   The complaint (ECF No. 1) is DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2). Leave to amend is DENIED.

B.   The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). For § 1915(g) analysis of King's future filings, if any, the Court RECOMMENDS that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996 F.3d 350 (6th Cir. 2021).

IT IS SO ORDERED, this 5th day of July, 2023.

       /s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE